UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SANFORD YORONG,

                    Plaintiff,

        v.

TOTAL RENAL CARE, INC.,

               Defendant.

No. CV-08-5006-FVS

ORDER GRANTING LEAVE TO AMEND

**THIS MATTER** came before the Court for a telephonic hearing on July 1, 2008. Michael R. Small appeared on behalf of the Plaintiff. William H. White, Jr. appeared on behalf of the Defendant. This order is intended to memorialize and supplement the Court's oral ruling.

**BACKGROUND**

**A.    Factual Background**

The Plaintiff, Sanford Yorong, is a resident of the State of Washington. The Defendant, Total Renal Care ("TRC"), is a California corporation that owns and operates a number of kidney hemodialysis centers. Am. Compl. ¶ 6. The Plaintiff received hemodialysis treatment at a facility operated by the Defendant in Pasco, Washington. Am. Compl. ¶ 5.

The Amended Complaint alleges that the Plaintiff "sustained injuries as a result of this treatment." *Id*. It further alleges that the Defendant was negligent in maintaining its hemodialysis equipment

ORDER GRANTING LEAVE TO AMEND - 1

and that this negligence was the proximate cause of the Plaintiff's injuries.  Id. ¶¶ 6-7.

### B.    Procedural History

The present action is one of at least thirty-two lawsuits that were originally filed against Gambro Healthcare Renal Care, Incorporated ("Gambro") by separate plaintiffs in Nevada state court. The majority of these cases were consolidated in the Eighth Judicial District Court for the State of Nevada.  Following a stipulation by the parties, Gambro was voluntarily dismissed.  The Plaintiff filed his initial complaint on January 8, 2007.  Following the stipulation in the consolidated action, he filed an Amended Complaint naming TRC. (Ct. Rec. 31-4).

The Defendant subsequently removed the cases pending against it to various federal court on the basis of diversity jurisdiction.  The Plaintiff's case was transferred from the District of Nevada to this Court on January 28, 2008.  (Ct. Rec. 31.)

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a complaint that fails to state a claim upon which relief can be granted.  Such dismissal is proper "only when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Siaperas v. Mont. State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir. 2007).  For the purposes of a 12(b)(6) motion, all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff.  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.

ORDER GRANTING LEAVE TO AMEND - 2

1996).  The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts.  *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1979, 167 L. Ed 929, 945 (2007)(internal citations omitted).  However, the Court is not required to accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).

As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Consistent with this principle, the Court should not "look beyond the complaint" to additional facts alleged in the plaintiff's memorandum opposing dismissal. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)).  "Facts raised for the first time in plaintiff's opposition papers should not be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broan v. Bogan*, 320 F.3d 1023, 1027 n. 1 (9th Cir. 2003)(citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001)).

## II.  APPLICABLE LAW

A federal district court sitting in diversity must apply the substantive law of the forum state. *Gasperini v. Center for*

ORDER GRANTING LEAVE TO AMEND - 3

*Humanities, Inc.*, 518 U.S. 415, 426-427, 116 S. Ct. 211, 2219, 135 L. Ed. 2d 659, 673 (1996); *Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 695 (9th Cir 1991)(citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).   However, when a case initially filed in one district court has been transferred to another, "the transferor state's choice of law rules apply."   *Internat'l Bus. Machines Corp. v. Bajorek*, 191 F.3d 1033, 1037 (9th Cir. 1999).

Nevada follows the Restatement (Second) of Conflicts of Laws' "most significant relationship test."   *Gen. Motors v. Eighth Judicial Dist. Court of State of Nev.*, 122 Nev. 466, 134 P.3d 111, 116 (Nev. 2006).   In personal injury actions, the law of the state where the injury occurred governs unless a party "present[s] some evidence of a relationship between the nonforum state, the occurrence giving rise to the claims for relief, and the parties."   *Id*. at 117 (citing Restatement (Second) of Conflicts of Laws §§ 6, 146).   If such a relationship is demonstrated, then the court must determine which state has the most significant relationship to the action using the principles set forth in Section 6 of the Second Restatement.   *Id*. at 116.

Here, the Amended Complaint alleges that the Plaintiff was injured in Washington.   Under *General Motors*, Washington therefore presumptively has the most significant relationship with this action. While the Plaintiff does not contest that Washington law applies generally, he argues that the Court should apply Nevada law in ruling on the issue of punitive damages.   Citing *Kammerer v. Western Gear Company*, he contends that Washington permits the recovery of punitive

ORDER GRANTING LEAVE TO AMEND - 4

damages when the underlying decision occurred in a state that allows
punitive damages.  However, the Plaintiff has not introduced any
evidence demonstrating that the decision at issue in this case was
made in Nevada.  Moreover, as the Defendant has observed, *Kammerer* is
distinguishable in that the parties to that case agreed that
California law would apply.  The Court will accordingly apply
Washington law in evaluating the Plaintiff's complaint.

**III.  AMENDMENT**

Under the Federal Rules of Civil Procedure, a party may amend its
pleading only upon leave of the court once a responsive pleading has
been served.  Fed. R. Civ. P. 15(a).  Courts should grant permission
to amend pleadings "freely when justice so requires." *Id*.  However, a
court need not grant leave to amend when the proposed amendment would
prejudice the opposing party, is sought in bad faith, would produce an
undue delay in the litigation, or would be futile. *AmerisourceBergen
Corp. v. Dialysist West, Inc*., 465 F.3d 946, 951 (9th Cir.
2006)(citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.
1990)).  The court may also deny leave to amend where the moving party
knew of the facts it wishes to allege in the proposed amendment at the
time of the original complaint and failed to include them. *EEOC v.
Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988).

Citing Rule 15, the Plaintiff requests permission to amend his
complaint.  In view of the liberal standard of Rule 15, this request
will be granted.

**IV.  RULE 8**

Under the notice pleading requirements of the Federal Rules of

ORDER GRANTING LEAVE TO AMEND - 5

Civil Procedure, a complaint in a civil suit must contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "The 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 1634, 161 L. Ed. 2d 577, 588 (2005)(citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

The Amended Complaint does not satisfy this requirement. It is defective in that it fails to support its legal allegations with allegations of fact. Under *Twombly*, "a complaint must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." 127 S. Ct. at 1968-69, 167 L. Ed 2d at 944 (2007)(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)(ellipsis and emphasis in original). The Amended Complaint, however, alleges few facts. Rather, it relies upon conclusory allegations of duty, ¶ 7(a), failure to exercise ordinary care, ¶¶ 7(b)-(d), causation, ¶ 8, and damages, ¶¶ 8-9. Under *Twombly*, more is required.

In filing his Second Amended Complaint, the Plaintiff should comply with the requirements of Rule 8 as interpreted by *Twombly*. A complaint alleging facts common to the thirty-two cases pending against the Defendant will not meet this standard. This case is not a class action. The Defendant, and the Court, need to know the basis of this particular Plaintiff's claims.

ORDER GRANTING LEAVE TO AMEND - 6

**V.    PUNITIVE DAMAGES**

Under Washington law, punitive damages are unavailable except where specifically authorized by statute.  *Dailey v. North Coast Life Ins. Co.*, 129 Wash.2d 572, 575, 919 P.2d 589, 590-91 (Wash. 1996). The Plaintiff seeks to recover punitive damages.  Am. Compl. ¶ 10. The Court has determined that this case is governed by Washington law. Accordingly, the Plaintiff's request for punitive damages will be dismissed.  The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Court **RESERVES RULING** on the Defendant's Motion to Dismiss, Ct. Rec. 65.

2. The Plaintiff's oral request for leave to file an amended pleading is **GRANTED.**  The Plaintiff shall file his Second Amended Complaint no later than **August 1, 2008.**

3. The Plaintiff's request for punitive damages is **DISMISSED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __8th__ day of July, 2008.

                       s/ Fred Van Sickle
                       Fred Van Sickle
                Senior United States District Judge

ORDER GRANTING LEAVE TO AMEND - 7